ACCEPTED
15-25-00141-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/24/2025 3:55 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00141-CV

# In the Court of Appeals
## for the Fifteenth Judicial District
## Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/24/2025 3:55:30 PM
CHRISTOPHER A. PRINE
Clerk

KEN PAXTON, IN HIS OFFICIAL CAPACITY AS TEXAS ATTORNEY GENERAL,

*Appellant*,

*v.*

POWERED BY PEOPLE,

*Appellee.*

On Appeal from the 41st Judicial District Court, El Paso County

## BRIEF FOR APPELLANT

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOHNATHAN STONE
Chief, Consumer Protection Division

ABIGAIL E. SMITH
Assistant Attorney General
State Bar No. 24141756

Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Appellant*

# Identity of Parties and Counsel

**Appellant:**

Ken Paxton, in his official capacity as Texas Attorney General

**Appellate and Trial Counsel for Appellant:**

Abigail E. Smith
Assistant Attorney General
State Bar No. 24141756
Abby.Smith@oag.texas.gov

Johnathan Stone
Division Chief, Consumer Protection
State Bar No. 24071779
Johnathan.Stone@oag.texas.gov

Rob Farquharson
Assistant Attorney General
State Bar No. 24100550
Rob.Farquharson@oag.texas.gov

Scott Froman
Assistant Attorney General
State Bar No. 24122079
Scott.Froman@oag.texas.gov

Office of the Attorney General of Texas
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251

Office of the Attorney General of Texas
Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711

**Appellee:**
Powered by People

**Appellate and Trial Counsel for Appellee:**

Mimi Marziani
Texas Bar No. 24091906
mmarziani@msgpllc.com

Rebecca (Beth) Stevens
Texas Bar No. 24065381
bstevens@msgpllc.com

Joaquin Gonzalez
State Bar No. 24109935
jgonzalez@msgpllc.com

MARZIANI, STEVENS & GONZA-
LEZ PLLC
500 W. 2nd St., Suite 1900
Austin, TX 78701
Telephone: (210) 343-5604

Lynn Coyle
State Bar No. 24050049
lynn@coylefirm.com

Benoit Legal PLLC
2700 Richmond Ave.
El Paso, TX 79930
Telephone: (915) 276-6700

# TABLE OF CONTENTS

Page(s)

Identity of Parties and Counsel ..................................................................iii

Index of Authorities ..................................................................................vi

Record References ....................................................................................ix

Statement of the Case ...............................................................................ix

Statement of Jurisdiction ...........................................................................ix

Issues Presented .......................................................................................x

Statement of Facts ................................................................................... 12

    I.   The Office of the Attorney General Investigates Powered by
        People for Potentially Violating Texas Law.............................................. 12

    II.  Procedural History ........................................................................ 13

Summary of the Argument.......................................................................... 16

Standard of Review ...................................................................................20

Argument...............................................................................................20

    I.   A Court Implicitly Denies a Plea to the Jurisdiction When It
        Rules a Party Is Likely to Succeed on the Merits of its Claims and
        Proceeds to Merits Discovery. ............................................................20

        A.  A court that reaches the merits of the case has implicitly
             rejected any live jurisdictional challenges on the pleadings................20

        B.  This case is legally and factually distinct from *City of Austin*,
             and if this Court disagrees, it should await the outcome of the
             appeal in *City of Austin* before ruling on this case. ...........................26

    II.  The Trial Court Should Have Granted the Attorney General's
        Plea to the Jurisdiction Because Appellee's Claims are Moot. .................29

        A.  Appellee's claims seeking relief from the RTE are moot on
             their face because the RTE is withdrawn and cannot be
             reissued..................................................................................29

        B.  No exception to mootness applies. ..................................................31

Prayer ...................................................................................................38

Certificate of Compliance ..........................................................................38

Appellant's Appendix ...............................................................................39

# Index of Authorities

**Cases**

*Austin Parents for Med. Choice v. Austin Indep. Sch. Dist.*, No. 03-21-00681-CV, 2023 WL 5109592 (Tex. App.—Austin Aug. 10, 2023, no pet.)..............35

*Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126 (Tex. App.—Austin 2007) ...............................................................17, 32, 35

*Borgelt v. Austin Firefighters Ass'n, IAFF Loc. 975*, 692 S.W.3d 288 (Tex. 2024) ............................................................................ 22

*Brownback v. King*, 592 U.S. 209 (2021) ................................................ 22

*Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) .................................... 20

*Curry v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 815 (Tex. App.—Houston [14th Dist.] 2014, no pet.).............................................. 22

*DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299 (Tex. 2008) ............................. 22

*DeFunis v. Odegaard*, 416 U.S. 312 (1974)............................... 17, 30, 32, 33

*Dickson v. Am. Gen. Life Ins. Co.*, 698 S.W.3d 234 (Tex. 2024)...................... 21, 22

*Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000) ............................................ 22

*Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) ........................21

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000)..................................................................... 17, 32

*Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523 (Tex. 2019) ..............................29

*Heckman v. Williamson Cnty.*, 369 S.W.3d 137 (Tex. 2012)....................................29

*Herrera v. Mata*, 702 S.W.3d 538 (Tex. 2024) ....................................................23

*In re City of Dallas*, 501 S.W.3d 71 (Tex. 2016) (per curiam) ................................21

*In re Cont. Freighters, Inc.*, 646 S.W.3d 810 (Tex. 2022) .......................................32

*In re State*, 711 S.W.3d 641 (Tex. 2024)......................................................24, 27

*In re Uresti*, 377 S.W.3d 696 (Tex. 2012) ..........................................................36

*Jud v. City of San Antonio*, 184 S.W.2d 821 (1945)..............................................21

*Martin v. Sheppard*, 201 S.W.2d 810 (Tex. 1947) ................................................. 22

*Matthews v. Kountze Independent School District*, 484 S.W.3d 416 (Tex. 2016)......................................................................................34

*Murphy v. Hunt*, 455 U.S. 478 (1982) ................................................................36

*Paxton v. Annunciation House, Inc.*, No. 24-0573, 2025 WL 1536224 (Tex. May 30, 2025)........................................................................ 18, 36, 37

*Paxton v. City of Austin*, No. 15-24-00078-CV, 2024 WL 4446073 (Tex. App. [15th Dist.] Oct. 8, 2024)........................................................16, 26, 27

*Paxton v. City of Austin*, No. 24-1078 (pet. filed May 16, 2025)............................ 28

*Rattray v. City of Brownsville*, 662 S.W.3d 860 (Tex. 2023) ....................11, 16, 20, 21

*Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 323 (Tex. App. - Houston [14th Dist.] 2009, pet. denied) ................................................................ 18, 33

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) ...............21

*Speer v. Presbyterian Child. Home & Serv. Agency*, 847 S.W.2d 227 (Tex. 1993) ...................................................................................................... 31

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ................................... 22

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993)...................21

*Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854 (Tex. 2025) ............................................................... 17, 18, 29, 35

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ........... 11, 20

*Tex. Med. Rsch., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424 (Tex. 2023) ........................................................................................... 21, 22

*Tex. Parks & Wildlife Dep't v. RW Trophy Ranch, Ltd.*, 712 S.W.3d 943 (Tex. App. [15th Dist.] 2025)....................................................................... 37

*Tex. Right to Life v. Van Stean*, 702 S.W.3d 348 (Tex. 2024) (per curiam)............ 20

*Tex. S. Univ. v. Young*, 682 S.W.3d 886 (Tex. 2023) ........................... 24, 25, 26, 28

*Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841 (Tex.App.–Austin 2002, pet. denied) ............................................................34

*Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006).............................................12, 16, 27

*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860 (Tex. 2010)....................................29

*United States v. Chem. Found, Inc.*, 272 U.S. 1 (1926) ......................................... 22

*Webster v. Comm'n for Law. Discipline*, 704 S.W.3d 478 (Tex. 2024)....................22

*Williams v. Lara*, 52 S.W.3d 171 (Tex. 2001)..................................16, 18, 19, 29, 36

**Statutes**

Texas Business Organizations Code Section 12.153.................................................. 31

Texas Civil Practice and Remedies Code Section 51.014(a)(8)...............ix, 12, 20, 23

Texas Government Code Section 22.220(d)(1).........................................................ix

**Rules**

Tex. R. App. P. 33.1(a)(2)(A)...........................................................................20, 23

Tex. R. Civ. P. 176.6............................................................................................ 37

## RECORD REFERENCES

"CR" refers to the one-volume clerk's record. "RR" refers to the five-volume reporter's record.

## STATEMENT OF THE CASE

*Nature of the Case*: This is a subpoena challenge seeking to quash a Request to Examine Appellee's business records ("RTE") under Tex. R. Civ. P. 176.6 and 192.6.

*Trial Court*: 41st District Court, El Paso County
The Honorable Annabell Perez

*Course of Proceedings:* After Appellee filed the instant suit, the Attorney General withdrew its RTE, then filed a plea to the jurisdiction and plea in abatement arguing the case was moot and declaring that the Attorney General would never reissue any substantially similar RTE to Appellee. CR.47.

*Disposition in the Trial Court*: The district court issued an anti-suit temporary restraining order ruling that Appellee was likely to succeed on the merits of its claims. CR.559. The district court later ordered merits discovery in advance of the scheduled temporary injunction hearing, including an apex third-party deposition of General Paxton. CR.948. Viewing these two written orders as implicit denials of his plea, the Attorney General noticed this appeal. CR.951.

## STATEMENT OF JURISDICTION

The Court has jurisdiction under Texas Civil Practice and Remedies Code Section 51.014(a)(8) and Texas Government Code Section 22.220(d)(1).

## Issues Presented

The issues presented are as follows:

1.      Whether the trial court implicitly denied the State's Plea to the Jurisdiction by ruling that Appellee was likely to succeed on the merits of its constitutional claims and ordering merits discovery (including the deposition of Attorney General Ken Paxton)?

2.      Whether the trial court should have granted the State's Plea to the Jurisdiction because Appellee's claims were moot?

# INTRODUCTION

Because "[j]ust one valid jurisdictional obstacle is enough for the court to halt further proceedings," a trial court "may not move to the merits if even one jurisdictional argument remains unresolved." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868-69 (Tex. 2023). Instead, a court "must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The trial court in this case disregarded these principles. Rather than ruling on the Attorney General's[1] pending plea to the jurisdiction, the court issued a written temporary injunction order ruling that "Plaintiff has shown a probable right to relief on its constitutional claims," and that the Attorney General's "enforcement actions and public conduct associated with those enforcement actions . . . demonstrate that Plaintiff has stated a probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions." CR.559, 563. The trial court then ordered substantial expedited merits discovery, including a third-party deposition of Attorney General Ken Paxton. CR.948. The trial court's decision to issue multiple merits rulings before addressing jurisdiction constituted an implicit denial of the Attorney General's plea to the jurisdiction, so he availed himself of his statutory right

---

[1] Throughout this brief, "Attorney General" refers to the Attorney General in his official capacity, and the Office of the Attorney General as a whole. "General Paxton" or "Attorney General Ken Paxton" refer to him in his individual capacity.

to take an interlocutory appeal of the denial of that plea. *See Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006); Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

This implicit denial of the Attorney General's plea was wrong because the underlying claims in this suit are moot. Appellee's claims are all as-applied challenges to the Attorney General's Request to Examine Appellee's business records in connection with improper use of campaign funds (the "RTE"). But one day after this suit was filed, the Attorney General withdrew the RTE and later declared under penalty of perjury that the agency would never reissue the RTE, or another RTE concerning the same underlying issues, to Appellee. As such, all Appellee's as-applied RTE claims are moot, not capable of repetition, and not subject to the voluntary cessation exception. This Court should reverse the trial court's implicit denial of the Attorney General's plea to the jurisdiction and direct the trial court to dismiss the case for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

### I. The Office of the Attorney General Investigates Powered by People for Potentially Violating Texas Law.

As part of an investigation into violations of various Texas laws related to quorum-breaking Texas legislators, on Wednesday, August 6, 2025, OAG served a narrowly-focused RTE on Appellee seeking records from June 1 through August 6, 2025, relating to (1) the solicitation and expenditure of funds to aid and abet the absent legislators in their efforts to evade arrest warrants seeking to return them to the House, and (2) any benefits or compensation offered or provided to legislators in exchange for abstaining from performing their legislative duties. CR.37. OAG gave

Appellee until 5 p.m. on August 8, 2025, to respond to the RTE due to the emergent nature of the violations, the narrow scope of the requests, and concerns about dissipation of funds. CR.38.

On Friday, August 8, 2025, after continuing to conduct its own investigation, the State filed suit against Appellee in Tarrant County for violating the Texas Deceptive Trade Practices Act. CR.85.

## II. Procedural History

45 minutes after the State filed suit against Appellee in Tarrant County, but before Appellee's 5 p.m. compliance deadline, Appellee filed suit against Ken Paxton in his official capacity as the Attorney General in El Paso County challenging the RTE under Texas Rules of Civil Procedure 176.6 and 192.6. CR.1. Appellee sought relief from complying with the RTE and brought four claims challenging the RTE: a freedom of association claim, a freedom of speech claim, an unreasonable search and seizure claim, and an equal protection claim. CR.16–22.

The next day, on August 9, 2025, counsel for the Attorney General emailed Appellee formally withdrawing the RTE and asking Appellee to withdraw the case as moot. CR.110. When Appellee did not do so, on August 11, 2025, the Attorney General filed a plea to the jurisdiction and plea in abatement, arguing that the case was moot because all claims sought relief from an RTE that had been withdrawn, and in the alternative that the El Paso should be abated in favor of the first-filed Tarrant County case under the doctrine of dominant jurisdiction. CR.47. Attached to the Plea was a declaration by the Chief of the Consumer Protection Division at the Office of the Attorney General, declaring under penalty of perjury that the Attorney

13

General "will not reissue the challenged RTE nor send any other RTE to [Appellee] seeking records relating to the solicitation and expenditure of funds to aid and abet Texas legislators abandoning their offices and relating to any benefits or compensation offered or provided to the legislators for abandoning their offices during the 89th Special Legislative Session." CR.65. The same day, Appellee amended its petition to add a request for a temporary restraining order blocking the State from pursuing a *quo warranto* claim in Tarrant County. CR.114.

On August 13, 2025, the El Paso trial court held a hearing on the temporary restraining order, then issued an order abating the El Paso proceedings until the Tarrant County court ruled on a pending venue challenge. CR.373. After the Tarrant County court denied Appellee's motion to transfer venue to El Paso, on August 18, 2025, the El Paso court held a hearing on the Attorney General's plea to the jurisdiction and plea in abatement. At the hearing, Appellee urged the trial court not to rule on the Attorney General's plea to the jurisdiction because doing so would enable the Attorney General to "stay[] all proceedings" and "divest this court of the ability to grant the TRO." 3.RR.40.

The next day, the El Paso court issued an anti-suit temporary restraining order restraining the Attorney General "from initiating, filing, or prosecuting any quo warranto proceeding" without leave of the El Paso court. CR.564. The order purported to not issue a "ruling on the merits or a ruling on the Court's jurisdiction," but then proceeded to rule that "Plaintiff has shown a probable right to relief on its constitutional claims," and that the Attorney General's "enforcement actions and public conduct associated with those enforcement actions . . . demonstrate that Plaintiff has

14

stated a probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions." CR.559, 563. The trial court set a temporary injunction hearing for August 29, 2025. *Id.*

A day later, on August 20, 2025, Appellee filed a motion for expedited merits discovery seeking a third-party apex deposition of General Paxton, a deposition of an Attorney General employee concerning privileged information about what "formed the basis for an initiation of an investigation into Powered by People," and broad categories of largely privileged documents concerning the Attorney General's internal investigation and deliberative processes. App'x Ex. C.[2] At no point did Appellee contend this discovery was jurisdictional; rather, it was meant to gather evidence for the temporary injunction hearing. After a hearing where the Attorney General argued that ordering merits discovery was improper when his plea to the jurisdiction was still pending, on August 22, 2025, the court ordered all the merits discovery requested by Appellee, including the apex third-party deposition of General Paxton. CR.948. The Attorney General viewed this ruling and the trial court's merits rulings in its temporary restraining order as implicit denials of his plea to the jurisdiction and noticed this appeal the same day. CR.951.

---

[2] The initial volume of the clerk's record did not contain Appellee's emergency motion for expedited discovery. The Attorney General has requested that the clerk's record be supplemented with this filing; in the interim, it is attached to this filing as part of the Attorney General's appendix.

15

## Summary of the Argument

**I.** The trial court implicitly denied the Attorney General's plea to the jurisdiction through at least two written orders on the merits: its temporary injunction order ruling that Appellee was likely to succeed on the merits of its constitutional claims, and its order authorizing merits discovery to proceed. The Supreme Court has held that a trial court "implicitly denie[s]" a plea to the jurisdiction when it "reach[es] the merits" before resolving that jurisdictional plea. *Thomas*, 207 S.W.3d at 339-40. That is because "a trial court may not reach the merits of the case without subject matter jurisdiction." *Id.* at 339. So its choice to do so "without explicitly rejecting an asserted jurisdictional challenge . . . implicitly denie[s] the jurisdictional challenge." *Id.* at 339-40. That is, because a trial court "may not move to the merits if even one jurisdictional argument remains unresolved," *Rattray*, 662 S.W.3d at 869, a court that issues a written ruling on the merits and then orders merits discovery without resolving an outstanding objection to its *jurisdiction* has necessarily rejected—or implicitly denied—that jurisdictional objection, *Thomas*, 207 S.W.3d at 339–40. This is consistent with this Court's ruling in *Paxton v. City of Austin*, No. 15-24-00078-CV, 2024 WL 4446073 (Tex. App. [15th Dist.] Oct. 8, 2024), because unlike that case, which lacked any written orders on merits issues, this case contains two written orders that either expressly or implicitly ruled on the merits of Appellee's claims.

**II.** The trial court erred in implicitly denying the Attorney General's plea to the jurisdiction because Appellee's underlying claims were moot. When the controversy is no longer live and no "exception" to mootness applies, such as voluntary cessation, *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001), the court must dismiss

"for lack of subject matter jurisdiction," *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 862 (Tex. 2025). All Appellee's claims involve as-applied challenges to the specific RTE served by the Attorney General. But one day after this suit was filed, the Attorney General withdrew the RTE, and later declared under penalty of perjury that the agency would not reissue the RTE or any substantially similar RTE on the same issues raised in this suit. As the United States Supreme Court held in *DeFunis v. Odegaard*, 416 U.S. 312, 319–20 (1974), a case is moot when the government affirmatively represents to the court that it will not reprise the complained-of conduct with regard to the plaintiff.

Furthermore, no exception to the mootness doctrine applies. Voluntary cessation does not apply here, because events after this lawsuit was filed made "absolutely clear that the [challenged conduct] could not reasonably be expected to recur." *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 129 (Tex. App.—Austin 2007) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Such showings can be made by affirmative, unqualified representations by the government defendant that it will not reprise the complained-of conduct with regard to this particular plaintiff. *See, e.g.*, *DeFunis*, 416 U.S. at 316–20 (dismissing an as-applied racial admissions challenge as moot, reasoning that even if there was voluntary cessation of the challenged conduct, the school's representation that it would let DeFunis graduate demonstrated the challenged conduct was not reasonably likely to recur as to *DeFunis*). And because Appellee never disputed the Attorney General's representation that he will not reissue the RTE, any concern about voluntary cessation is "merely conjunctural and hypothetical." *Robinson v.*

17

*Alief Indep. Sch. Dist.*, 298 S.W.3d 323, 326–27 (Tex. App. - Houston [14th Dist.] 2009, pet. denied) (rejecting a suit as moot after the school district voluntarily expunged Robinson's personnel records as requested, because Robinson had no evidence of any reasonable expectation that the school district would later retract the expungement); *accord Grassroots Leadership*, 2025 WL 1642437 at *15 (holding that "mootness poses a practical test, not one that turns on speculative, theoretical, contingent, or unlikely events that might happen.").

Nor does the capable-of-repetition exception to mootness apply. To invoke it, a plaintiff must prove that "(1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Williams*, 52 S.W.3d at 184. Appellee can satisfy neither prong. Appellee had two days to challenge the RTE, and did so under Rule 176.6(e). The Supreme Court recently held that even twenty-four hours to challenge an RTE under Rule 176.6(e) was sufficient to satisfy due process concerns. *See Paxton v. Annunciation House, Inc.*, No. 24-0573, 2025 WL 1536224, at *24 (identifying requests for protection pursuant to Tex. R. Civ. P. 176.6 as an appropriate method of precompliance review for RTEs), *1 (noting compliance with the RTE was sought "by the next day") (Tex. May 30, 2025). Furthermore, the Attorney General's undisputed evidence that he will *not* reissue a substantially similar RTE on the same issues, and that he could not do so because presuit investigatory tools may not be used once litigation has commenced (as it did here in Tarrant County), dispel any "reasonable expectation" that

Appellee will be served one again. *Williams*, 52 S.W.3d at 184. As such, the trial court erred in not granting the Attorney General's plea to the jurisdiction.

"Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## ARGUMENT

### I. A Court Implicitly Denies a Plea to the Jurisdiction When It Rules a Party Is Likely to Succeed on the Merits of its Claims and Proceeds to Merits Discovery.

The denial of a plea to the jurisdiction may be "either express[] or implicit[]." *Thomas*, 207 S.W.3d at 339; Tex. R. App. P. 33.1(a)(2)(A). Here, the district court issued at least two written merits orders: a temporary restraining order that Appellee had a probable right to relief, and a discovery order ordering that substantial and invasive merits discovery go forward ahead of an evidentiary hearing. Because both these rulings are fundamentally incompatible with the possibility that the court lacks jurisdiction based on the pleadings, proceeding to the merits without resolving outstanding jurisdictional objections operates as an implicit denial of any live plea to the jurisdiction based on the pleadings, thus triggering a governmental unit's right to take an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

#### A. A court that reaches the merits of the case has implicitly rejected any live jurisdictional challenges on the pleadings.

1. Because "[j]urisdiction is always first," *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022), the Supreme Court has repeatedly hewed to the "fundamental rule" that courts "may not move to the merits if even one jurisdictional argument remains unresolved," *Rattray*, 662 S.W.3d at 868, 869; *Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 353 (Tex. 2024) (per curiam). Consequently, "courts have the authority

and indeed the duty to resolve any jurisdictional doubts that arise *before* proceeding to the merits." *Rattray*, 662 S.W.3d at 869 (emphasis added). Indeed, a court "*must determine at its earliest opportunity* whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Miranda*, 133 S.W.3d at 226 (emphasis added). This "order of operations is not optional," and "courts *must resolve* any jurisdictional challenges—hard or easy, first raised in the trial court or first raised in the court of appeals, raised by a party or raised by the court itself—before turning to the merits." *Dickson v. Am. Gen. Life Ins. Co.*, 698 S.W.3d 234, 235 n.2 (Tex. 2024) (Young, J., concurring in the denial of the petition for review).

These foundational principles inhere in the very nature of a court's jurisdiction. "Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Indeed, "jurisdiction is the power to hear and determine a controversy." *Jud v. City of San Antonio*, 184 S.W.2d 821, 822 (1945). But "a court without subject-matter jurisdiction cannot decide the case at all," *Tex. Med. Rsch., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 440 (Tex. 2023), because it "cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction," *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (per curiam). That is why courts "may not [even] assume jurisdiction for the purpose of deciding the merits of the case." *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); *accord Steel Co. v. Citizens*

*for a Better Env't*, 523 U.S. 83, 94, 101 (1998) (rejecting the "doctrine of 'hypothetical jurisdiction'").

As a corollary, "[a] court that decides a claim over which it lacks jurisdiction violates the constitutional limitations on its authority, even if the claim is denied." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 307 (Tex. 2008). Such a decision is, "by very definition, for a court to act ultra vires." *Brownback v. King*, 592 U.S. 209, 218 (2021) (quoting *Steel Co.*, 523 U.S. at 101-02). And such "a judgment will never be considered final" and will be subject to collateral attack "if the court lacked subject-matter jurisdiction." *Tex. Med. Rsch.*, 659 S.W.3d at 440 n.116 (quoting *Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). In other words, any merits decision that a court makes without jurisdiction is "void," *Curry v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 815, 820 (Tex. App.—Houston [14th Dist.] 2014, no pet.), because the court lacked "the power to decide" in the first place, *Martin v. Sheppard*, 201 S.W.2d 810, 813 (Tex. 1947).

Yet "no court of this State should be presumed to undertake the unlawful and *ultra vires* action of reaching a merits issue without resolving a contested issue of jurisdiction." *Dickson*, 698 S.W.3d at 236 n.2 (Young, J., concurring in the denial of the petition for review). After all, "the official acts of public officers," like the trial judge here, are afforded "a presumption of regularity, good faith, and legality." *Webster v. Comm'n for Law. Discipline*, 704 S.W.3d 478, 501 (Tex. 2024) (first quoting *United States v. Chem. Found, Inc.*, 272 U.S. 1, 14-15 (1926); and then citing *Borgelt v. Austin Firefighters Ass'n, IAFF Loc. 975*, 692 S.W.3d 288, 303 (Tex. 2024)). So, under the Supreme Court's precedents, a court that proceeds to "reach the merits

of a case[,] . . . without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." *Thomas*, 207 S.W.3d at 339–40 (citations omitted).

2. Under these foundational principles, the trial court implicitly denied the Attorney General's plea to the jurisdiction. "A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024). And the Legislature has authorized interlocutory appeals of trial-court orders that "grant[] or den[y] a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). To properly take such an appeal, a governmental unit need only show that the trial court ruled on the plea "either expressly or implicitly." Tex. R. App. P. 33.1(a)(2)(A). That is, both an express denial and an implicit denial trigger appellate jurisdiction under the interlocutory-appeal statute. *Thomas*, 207 S.W.3d at 339.

Here, there can be little question that the trial court implicitly denied the Attorney General's plea to the jurisdiction, thus conferring appellate jurisdiction on this Court to resolve the merits of the Attorney General's appeal. Despite the Attorney General's repeated attempts to convince the trial court to rule on his pending plea to the jurisdiction before proceeding to merits discovery, *see e.g.* 4.RR.9–10 ("[N]o merits discovery can occur when there's a pending plea to the jurisdiction."), the trial court avoided ruling on the issue, likely to avoid an automatic stay. 3.RR.39–40 (acknowledging Appellee's contention that the trial court should not rule on the plea to the jurisdiction because it would "divest this court of the ability to grant [a] TRO").

But the trial court's temporary restraining order and order of merits discovery for the temporary injunction hearing—including a deposition of the sitting Attorney General of Texas—both constituted written rulings on the merits. "[T]rial courts asked to issue temporary injunctions or temporary restraining orders commonly must consider the likely merits of the parties' positions." *In re State*, 711 S.W.3d 641, 645 (Tex. 2024). Furthermore, "[d]iscovery that implicates only the merits is wholly improper until it is clear that the court has authority to reach the merits." *Tex. S. Univ. v. Young*, 682 S.W.3d 886, 888 (Tex. 2023) (Young, J., concurring in the denial of the petition for review and petition for writ of mandamus). "Targeted discovery cannot be allowed unless—and only to the extent that—it is essential to the resolution of a jurisdictional question." *Id.* at 889.

While not all temporary restraining orders rule on the merits of parties' claims, this one certainly did. In the trial court's temporary restraining order, the court repeatedly ruled that Appellee had a probable right to relief on its claims, and granted injunctive relief on that basis. CR.559, 563 (ruling that "Plaintiff has shown a probable right to relief on its constitutional claims," and that the Attorney General's "enforcement actions and public conduct associated with those enforcement actions . . . demonstrate that Plaintiff has stated a probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions"). Even Appellee conceded that the trial court had already implicitly ruled on jurisdiction. 4.RR.24–25 (arguing the trial court should order merits discovery because "the Court has already assumed some probable jurisdiction without ruling on the plea.").

Similarly, the trial court's order of merits discovery did not even purport to be jurisdictional. Rather, both Appellee and the court made clear that the ordered discovery's purpose was to gather evidence of the merits ahead of the temporary injunction hearing. *See, e.g.*, 4.RR.8–9 (requesting "expedited discovery," including documents and a deposition of General Paxton, to gather evidence of "one of our claims [which] is an equal protection claim"); CR.948 (ordering the requested expedited discovery without mention of the phrase "jurisdiction"). In the absence of any court-determined need for jurisdictional discovery, a trial court's order ordering merits discovery constitutes a merits ruling, and an implicit denial of the plea to the jurisdiction. *Tex. S. Univ*, 682 S.W.3d at 889 (Young, J., concurring) ("Targeted discovery cannot be allowed unless—and only to the extent that—it is essential to the resolution of a jurisdictional question.").

Nor would jurisdictional discovery have been appropriate in this case. The Attorney General's plea to the jurisdiction raises one issue: Mootness. The sole jurisdictional question before the trial court was whether a case seeking relief from an RTE is moot if the Attorney General withdrew the RTE, had declared under perjury to not reissue the RTE or a substantially similar one, and could not issue a new RTE in any event under the Texas Rules of Civil Procedure. CR.50–52. The Attorney General submitted unrebutted evidence of mootness, including its formal withdrawal of the RTE, CR.110, a declaration by the Chief of the Consumer Protection Division that "the Office of the Attorney General will not reissue the challenged RTE nor send any other RTE seeking records relating to" the fact issues in this case, CR.65, and proof of the State's Tarrant County lawsuit that subjected any future

25

document requests to the Texas Rules of Civil Procedure, CR.85. Because this evidence "is undisputed," the trial court was required to "rule[] on the plea to the jurisdiction as a matter of law," not based on (unrequested) jurisdictional discovery. *Miranda*, 133 S.W.3d at 228. The State's plea to the jurisdiction did not involve, for example, a factual dispute over waiver of sovereign immunity that could support an *ultra vires* claim. *Cf. Tex. S. Univ.*, 682 S.W.3d at 887 (noting jurisdictional discovery is often necessary "[i]f the waiver of immunity is tethered to specific factual prerequisites"). Rather, it involved a pure legal issue, and neither Appellee nor the trial court ever expressed a need for jurisdictional discovery to resolve it. The trial court's decision to proceed with merits discovery that had no bearing on jurisdiction can therefore be nothing other than an implicit denial of that jurisdictional argument.

## B. This case is legally and factually distinct from *City of Austin*, and if this Court disagrees, it should await the outcome of the appeal in *City of Austin* before ruling on this case.

This case bears several key distinctions from this Court's decision in *Paxton v. City of Austin*, No. 15-24-00078-CV, 2024 WL 4446073. In *City of Austin*, this Court held that proceeding to a merits trial did not constitute an implicit denial of the Attorney General's plea to the jurisdiction for two reasons: "First, the trial court explicitly stated that it declined to rule on the plea to the jurisdiction. Second, the trial court did not issue an order or any ruling on the merits but rather proceeded to trial." *Id.* at *2. Neither of those is the case here. The trial court did not expressly refuse to rule on the plea to the jurisdiction; rather, the court did not disagree with Appellee's

26

counsel's statement that "the Court has already assumed some probable jurisdiction without ruling on the plea." 5.RR.24–25.

Even more importantly, unlike the case record in *City of Austin*, the record in this case contains at least two written orders that rule on the merits. Whereas in *City of Austin*, the record "d[id] not contain any merits order that could be construed as an implicit denial of the plea to the jurisdiction," *City of Austin*, 2024 WL 4446073, at \*2, and indeed the record did not contain any written orders *at all*, here the trial court issued both a temporary restraining order and an order on expedited merits discovery. The temporary restraining order nominally claimed to not issue a "ruling on the merits or a ruling on the Court's jurisdiction," but then proceeded to do just that, ruling that "Plaintiff has shown a probable right to relief on its constitutional claims," and that the Attorney General's "enforcement actions and public conduct associated with those enforcement actions . . . demonstrate that Plaintiff has stated a probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions." CR.559, 563; *see also In re State*, 711 S.W.3d at 645 (holding "trial courts asked to issue temporary injunctions or temporary restraining orders commonly must consider the likely merits of the parties' positions," and that "just relief" "cannot be afforded without some consideration of the merits"). That is almost exactly like the situation in *Thomas*, where the trial court's summary judgment ruling reached the merits of one of the plaintiff's claims without resolving antecedent jurisdictional questions. 207 S.W.3d at 339–40.

Similarly, the trial court's written order of expedited discovery to prove up the merits of Appellee's claim ahead of the temporary injunction hearing also

27

constituted a written order that implicated the merits. The record of this case demonstrates that neither Appellee nor the trial court disputed the facts underlying the Attorney General's plea to the jurisdiction. As such, the trial court was required to rule on it "as a matter of law." *Miranda*, 133 S.W.3d at 228. Ordering merits discovery—particularly *invasive* discovery of the sitting Attorney General, no less—thus constituted an implicit acknowledgement that the merits of the case were properly before the court. *Cf. Tex. S. Univ.*, 682 S.W.3d at 888 (Young, J., concurring in the denial of the petition for review and petition for writ of mandamus) ("Discovery that implicates only the merits is wholly improper until it is clear that the court has authority to reach the merits.").

Either of these written orders were sufficient to establish an implicit denial of the Attorney General's plea to the jurisdiction. But should this Court disagree, the Attorney General requests that this Court refrain from ruling on this issue until the resolution of the Attorney General's appeal in *City of Austin*. The Attorney General recently concluded briefing the merits of that case before the Supreme Court of Texas and awaits a ruling on its petition. *See Paxton v. City of Austin*, No. 24-1078 (pet. filed May 16, 2025). If granted, the Supreme Court's ruling in that case will likely have a significant impact on the outcome of this appeal and the Attorney General's arguments. As such, waiting to rule until that appeal is resolved would both preserve judicial resources and ensure the parties' abilities to preserve their arguments.

## II. The Trial Court Should Have Granted the Attorney General's Plea to the Jurisdiction Because Appellee's Claims are Moot.

The Attorney General's undisputed evidence demonstrated that Appellee's claims are moot. Assessing mootness is a two-step inquiry: First, the court determines if the case is moot on its face—that is, whether the live controversy has come to an end. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010). If the answer is yes, then the Court determines if any "exception" to mootness applies. *See Williams*, 52 S.W.3d at 184. Because the case is moot and no exception applies, the trial court erred in implicitly denying the Attorney General's plea to the jurisdiction. *See Grassroots Leadership, Inc.*, 717 S.W.3d at 862 (explaining that "the only proper judgment in a moot case is one of dismissal for lack of jurisdiction").

### A. Appellee's claims seeking relief from the RTE are moot on their face because the RTE is withdrawn and cannot be reissued.

Appellee's claims are moot because they seek relief from an RTE that has been withdrawn, cannot be enforced, and could not be reissued. "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.*; *accord Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 530 (Tex. 2019).

Appellee's original petition brought four claims, all based on the State's RTE. CR.16–23 (bringing claims against the RTE for violating the First and Fourth Amendments to the U.S. Constitution, article I, section 9 of the Texas Constitution,

and the equal protection clauses of the U.S. and Texas Constitutions); *see also* CR.30 (requesting relief against the RTE, costs, and fees). Notably, all of these claims bring as-applied challenges to the specific RTE served on Appellee; none raise facial challenges against the RTE statute as a whole. While Appellee's operative petition added a request for injunctive relief based on *quo warranto*, it added no new claims beyond the original four RTE claims. CR.389–96, 403–04.

As such, all Appellee's claims are mooted by the Attorney General's undisputed evidence that the challenged RTE has been withdrawn and cannot be reissued. The Attorney General presented three pieces of undisputed evidence to establish this: First, the agency's formal withdrawal of its RTE to Appellee, CR.110; second, a declaration by the Chief of the Consumer Protection Division that "the Office of the Attorney General will not reissue the challenged RTE nor send any other RTE seeking records relating to" the issues in this case, CR.65; and third, proof of the State's Tarrant County lawsuit that subjected any future document requests to the Texas Rules of Civil Procedure, CR.85.

These are sufficient to establish facial mootness, and any arguments to the contrary are based only in conjecture and hypotheticals, not actual evidence. *First*, the Attorney General is bound by the Consumer Protection Division Chief's declaration that the RTE shall not be reissued to Appellee, nor shall any similar RTE be issued on the same issues. As the United States Supreme Court held in *DeFunis v. Odegaard*, 416 U.S. at 319–20, a case is moot when the government affirmatively represents to the court that it will not reprise the complained-of conduct with regard to the plaintiff. *Second*, even if the Attorney General wanted to violate his own

declaration and reissue the RTE in this case, he could not do so, because an RTE is a pre-suit investigatory tool. Tex. Bus. Orgs. Code § 12.153 ("The attorney general may *investigate* the organization, conduct, and management of a filing entity or foreign filing entity and determine if the entity has been or is engaged in acts or conduct in violation of … any law of this state.") (emphasis added). Once the State filed suit in Tarrant County, this case changed from a pre-suit investigation to an active litigation subject to the ordinary civil discovery process, including requests for documents. Any attempt to reissue the challenged RTE could be construed as an attempt to circumvent the ordinary discovery process set forth in the Texas Rules of Civil Procedure. It is unlikely any such attempt would be enforceable. As such, there is no reasonable possibility of the Attorney General enforcing the withdrawn RTE against Appellee or serving a substantially similar RTE on Appellee, so all Appellee's claims are facially moot. *See Speer v. Presbyterian Child. Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993) (suit becomes moot when the action sought to be enjoined has been accomplished).

## B. No exception to mootness applies.

Neither the voluntary cessation exception nor the capable-of-repetition exception to mootness applies to this case.

### 1. Voluntary cessation does not apply because the challenged RTE is not reasonably likely to be reissued.

A case is still moot, and voluntary cessation of complained-of conduct is no exception, when subsequent events make "absolutely clear that the [challenged conduct] could not reasonably be expected to recur." *Bexar Metro. Water Dist.*, 234

S.W.3d at 129 (quoting *Friends of the Earth*, 528 U.S. at 189). The Supreme Court has held that for it to be "absolutely clear" that the challenged conduct is not reasonably likely to recur, there must be no qualification or prevarications in the representations by the defendant. *See e.g.*, *In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 812–14 (Tex. 2022) (holding that a plaintiff's withdrawal of a discovery request after the court indicated interest in reviewing a mandamus petition did not moot the issue where the withdrawal lacked any guarantees that the same demands would not be made in the future).

The U.S. Supreme Court case *DeFunis v. Odegaard* is instructive. In *DeFunis*, the Court found that voluntary cessation of the challenged conduct mooted the case when the defendant's representations made it absolutely clear to the court that the challenged conduct was unlikely to reoccur. 416 U.S. at 316-20. DeFunis alleged that a state law school denied him admission based on his race. *Id.* at 314. DeFunis was provisionally admitted to the school after obtaining an injunction from a trial court. *Id.* By the time the case was argued before the U.S. Supreme Court, DeFunis was already in his final term. *Id.* at 315–16. The law school represented during oral argument that whether it won or lost the appeal, it would allow DeFunis to complete that term and graduate—thereby eliminating the injury of being wrongly denied admission based on race. *Id.* at 316. The U.S. Supreme Court dismissed the case as moot, reasoning that even if there was voluntary cessation of the challenged conduct, the school's representation satisfied the principle that it was not reasonably likely to recur as to DeFunis. *Id.* at 316–20. In doing so, the majority rejected as mere speculation the dissent's hypotheticals that the case was not moot because unexpected

events such as illness, economic necessity, or academic failure might prevent De-Funis from graduating at the end of the term. *Id.* at 348 (Brennan, J., dissenting). The majority opinion distinguished the mootness of DeFunis's as-applied challenge from a hypothetical facial challenge to the law school's admission procedures, which would not have been mooted by the law school voluntarily changing its admission procedures (but leaving itself open to changing them back later). *Id.* at 318.

Texas courts have held similarly. For example, in *Robinson v. Alief Independent School District*, Robinson sought injunctive and declaratory relief against his employer, a school district, including expungement of his personnel file and a declaration that the school district violated his constitutional rights. 298 S.W.3d 323. After Robinson sued, the school district voluntarily expunged Robinson's personnel records as requested. *Id.* at 323, 327 n.2. The school district then filed a plea to the jurisdiction alleging mootness, which the trial court granted. *Id.* at 324. On appeal, Robinson argued his claim was not moot because, without a judicial admission of wrongdoing or judicial action barring the school district from reversing its decision, the school district could later retract its expungement of the records. *Id.* at 325. The Fourteenth Court of Appeals rejected this argument, holding that Robinson had no evidence of any reasonable expectation that the school district would later return the expunged documents to his personnel file; thus, his request for injunctive relief "in the event [the school district] reinstates the documents sometime in the future" was "merely conjunctural and hypothetical" and would result in an advisory opinion. *Id.* at 326–27.

By contrast, the typical case where voluntary cessation *does* act as an exception to mootness involves state actors reserving discretion to themselves to repeat the conduct again in the future. For example, in *Matthews v. Kountze Independent School District*, a group of middle and high school cheerleaders brought a constitutional challenge to the school district's policy prohibiting the display of religious banners at school-sponsored events. 484 S.W.3d 416, 417 (Tex. 2016). The school district filed a plea to the jurisdiction asserting mootness after it adopted a resolution providing that the school district was "not required to prohibit messages on school banners ... that display fleeting expressions of community sentiment solely because the source or origin of such message is religious," but retained "the right to restrict the content of school banners." *Id.* The trial court denied the plea to the jurisdiction, but the court of appeals held that the suit was moot. *Id.* The Supreme Court reversed and remanded because the new policy merely stated that the school district was not *required* to prohibit the cheerleaders from displaying the challenged banners, and *reserved* to the school district unfettered discretion in regulating same, including the apparent authority to do so based on their religious content. *Id.* at 420. The case was not moot because the school district's voluntary cessation provided "no assurance that the District will not prohibit the cheerleaders from displaying banners with religious signs or messages at school-sponsored events in the future." *Id.* at 419–20. [3]

---

[3] *See also Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841 (Tex.App.–Austin 2002, pet. denied) (State's voluntary abandonment of attempts to collect the challenged penalty did not render the controversy moot nor deprive the trial court of jurisdiction); *see also Austin Parents for Med. Choice v. Austin Indep.*

This suit clearly falls into the *DeFunis* and *Robinson* camp. Here, the Attorney General withdrew the challenged RTE, then affirmatively and irrevocably represented that the agency will not reissue the challenged RTE nor send any other RTE to Appellee seeking records relating to (1) the solicitation and expenditure of funds to aid and abet Texas legislators abandoning their offices, or (2) relating to any benefits or compensation offered or provided to the legislators for abandoning their offices during the 89th Special Legislative Session. CR.65. Unlike the representations made in *Matthews*, this unequivocal representation by the Attorney General makes it "absolutely clear" that the challenged RTE will not be reissued. *Bexar Metro. Water Dist.*, 234 S.W.3d at 129.

Furthermore, like in *Robinson*, Appellee failed to present any evidence that the Attorney General is reasonably likely to reissue the challenged RTE—or that the Attorney General even *could* do so, given that an RTE is a pre-suit investigatory tool and the State filed suit in Tarrant County. Indeed, Appellee never even requested discovery into such jurisdictional evidence, instead choosing to leapfrog directly to merits discovery. As such, any claims to the contrary are based on conjecture and are not sufficient to defeat mootness. *See Grassroots Leadership*, 2025 WL 1642437 at *15 (holding that "mootness poses a practical test, not one that turns on speculative, theoretical, contingent, or unlikely events that might happen").

---

*Sch. Dist.*, No. 03-21-00681-CV, 2023 WL 5109592, at *2 (Tex. App.—Austin Aug. 10, 2023, no pet.) (holding that voluntary cessation of a challenged policy by a school district did not moot a challenge to same where the school district had never expressed that it could not and would not reinstate the challenged policy.).

## 2. The capable-of-repetition exception does not apply.

The capable-of-repetition exception to mootness applies only in rare circumstances, and this is not one of them. To invoke it, a plaintiff must prove that "(1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Williams*, 52 S.W.3d at 184. The "mere physical or theoretical possibility" is insufficient to invoke the capable-of-repetition exception. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the *same* complaining party." *Id.* (emphasis added); *see also In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012) (observing that "a reasonable expectation must exist that the 'same complaining party will be subjected to the same action again'" (quoting *Williams*, 52 S.W.3d at 184)).

Appellee can satisfy neither prong. *First*, the challenged action, compliance with the challenged RTE or a future similar RTE, is not so short in duration that Appellee cannot fully litigate its challenge before the deadline to comply with the challenged RTE. In *Annunciation House*, the Supreme Court held that all RTE recipients have an opportunity to seek to precompliance review from district courts, including by filing a subpoena challenge under Texas Rule of Civil Procedure 176.6(e). 2025 WL 1536224 at *24 (identifying requests for protection pursuant to Tex. R. Civ. P. 176.6 as one such method of precompliance review). *Annunciation House* held that even a twenty-four hour compliance window to respond to an RTE was sufficient time to challenge the RTE, because filing a 176.6(e) challenge automatically stays

compliance. *Id.* at *1 (noting compliance was sought "by the next day"); *see also* Tex. R. Civ. P. 176.6(e) (providing that "a person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court").

Here, Appellee was given two days to comply with the challenged RTE, and was able to challenge compliance by filing a Rule 176.6(e) challenge before the deadline. CR.8. As such, Appellee was excused from complying with the RTE once the challenge was filed. C.R.78 (Appellee informing the Attorney General that the filing of the instant suit relieved it of its duty to comply). These rules affording precompliance review of RTEs and relieving the obligation to comply until the matter is adjudicated render these circumstances quite different from those in other cases where courts have found that the challenged action was too short in duration to be litigated before it expires. *See, e.g., Tex. Parks & Wildlife Dep't v. RW Trophy Ranch, Ltd.*, 712 S.W.3d 943 (Tex. App. [15th Dist.] 2025).

*Second*, and as discussed *supra*, the burden is on Appellee to show a "reasonable likelihood" that the Attorney General will reissue the same RTE. None exists where the Attorney General has made absolutely clear that the same, or similar, RTE will not be served on Appellee in the future, and where presuit investigatory tools are no longer available now that a lawsuit has been filed. Appellee has produced no evidence to the contrary.

Because Appellee failed to satisfy either element required to satisfy the capable-of-repetition exception to the mootness doctrine, the trial court should have granted the Attorney General's Plea to the Jurisdiction and dismissed this suit as moot.

## Prayer

The Court should reverse the district court's implicit denial of the State's plea to the jurisdiction and direct the district court to dismiss the case for lack of subject-matter jurisdiction.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for
Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division

*/s/ Abigail E. Smith*
ABIGAIL E. SMITH
Assistant Attorney General

ROB FARQUHARSON
Assistant Attorney General

Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Appellant*

## Certificate of Compliance

Microsoft Word reports that this document contains 7,483 words, excluding exempted text.

*/s/ Abigail E. Smith*
ABIGAIL E. SMITH

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

KEN PAXTON, IN HIS OFFICIAL CAPACITY AS TEXAS ATTORNEY
GENERAL,

*Appellant*,

*v.*

POWERED BY PEOPLE,

*Appellee.*

## APPELLANT'S APPENDIX

Tab

**1.** August 19, 2025 Temporary Restraining Order ........................................ A

**2.** August 22, 2025 Order Granting Motion for Expedited Discovery ......... B

**3.** Plaintiff's Emergency Motion for Expedited Discovery ........................... C

# EXHIBIT A

El Paso County - 41st District Court

Filed 8/19/2025 2:19 PM
Norma Favela Barceleau
District Clerk
El Paso County
2025DCV3641

**CAUSE NO. 2025DCV3641**

| | | |
|---|---|---|
| **POWERED BY PEOPLE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **41st JUDICIAL DISTRICT** |
| | § | |
| **KEN PAXTON,** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **TEXAS ATTORNEY GENERAL** | § | |
| *Defendants.* | § | **EL PASO COUNTY, TEXAS** |

---

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered Plaintiff Powered by People's Application for Emergency Temporary Restraining Order. Having reviewed the verified pleadings and exhibits and having held a hearing on the matter, the Court finds that immediate and irreparable injury will result absent a restraining order. Therefore, the Court issues the following Temporary Restraining Order to preserve the status quo until a hearing on Plaintiff's Application for Temporary Injunction may be held. The Court issues this Order to prevent imminent, irreparable injury, and this Order expressly is not a ruling on the merits or a ruling or the Court's jurisdiction. Defendants' Plea to the Jurisdiction is held open for further consideration by this Court. Plaintiffs filed a response brief on the Plea to the Jurisdiction on August 18, 2025. Defendants may submit a reply within 7 days of today's order. The court further finds and concludes as follows:

***Required factual findings and conclusions of law:***

1. Based on the verified record, Plaintiff has shown a probable right to relief on its constitutional claims arising from Defendant's actions, including the challenged Request to Examine ("RTE") served August 6, 2025, demanding sensitive information on an

1

abbreviated timeline, and Defendant's stated intent to imminently institute and prosecute quo warranto proceedings in Tarrant County.

2. Absent immediate restraint, and as more fully set out below, Plaintiff will suffer violations of its constitutional rights—including rights of political speech and association and equal protection under the law—which constitute irreparable injury not compensable by monetary damages. These violations include outright restraint on protected speech as well as retaliatory and chilling court processes in improper venues.

3. Further, temporary restraint is appropriate because Defendants' proposed course of action poses a severe risk of improper proceedings that would jeopardize the Court's jurisdiction to afford effective relief.

4. The threatened harms are immediate; entry of this Order is necessary to prevent the harms before they occur and to preserve the Court's jurisdiction to hear and decide the merits.

5. These findings are made pursuant to Texas Rule of Civil Procedure 680 and the Court's equitable authority. The acts restrained are described in reasonable detail below.

*Additional factual findings and conclusions of law:*

6. Plaintiff, Powered by People, is a Texas nonprofit corporation. It operates as a political organization pursuant to 26 U.S.C. § 527(e)(1) for the purpose of "directly or indirectly accepting contributions or making expenditures, or both" to influence elections.

7. Powered by People's principal place of business is in El Paso County; all members of its Board of Directors reside in El Paso County; and none of its staff reside in Tarrant County.

8. On August 6, 2025, Defendant launched an investigation and served Powered by People board members David Wysong and Gwen Pulido in El Paso with an RTE. The RTE demanded a broad range of internal materials—including strategy and communications—

2

on fewer than 48 hours' notice. The State gave no specific justification for the abbreviated deadline or the RTE itself. It demanded these extensive records within 48 hours while publicly announcing the investigation in a press release.

9. Defendant Paxton has publicly identified Mr. O'Rourke as a prospective opponent in the 2026 U.S. Senate race, and has already used the prospect of running against Mr. O'Rourke in a fundraising appeal.

10. The RTE expressly threatened that failure to comply could result in revocation or termination of the organization's registration or certificate of formation through an information in the nature of quo warranto.

11. Defendant Paxton admitted at or around that time that he did not have "details" to support his allegations, but planned to use this "investigation" to "find out if [Powered by People] has done anything inappropriate," pointing explicitly to Plaintiff's recent political speech, organizing and advocacy. Nevertheless, Defendant Paxton publicly characterized his potential future political opponent's protected political activity as "Beto Bribes."

12. Powered by People requested an extension of twenty days, which Defendants denied. Powered by People then requested a ten-day extension, to which Defendants did not respond.

13. Rather than responding to Powered by People's reasonable request for extension, Defendants abruptly headed to Tarrant County, Texas to institute an ex parte legal proceeding against Powered by People. Despite knowing for days that Powered by People was represented by counsel--given that counsel for Powered by People requested the two extensions--Defendant did not inform the undersigned counsel of an imminent

3

"emergency" *ex parte* TRO filing and hearing until almost four hours later, and minutes before it filed.

14. On August 11, 2025, Defendant announced his intention to seek a writ of quo warranto against Powered by People for the purpose of revoking the organization's charter and ability to do business in Texas.

15. Since that time, Defendant has publicly threatened to jail Powered by People's founder for engaging in political speech such as "support these brave Texas Democrats."

16. A quo warranto proceeding prosecuted in Tarrant County would immediately force Plaintiff's El Paso-based officers, employees, and records custodians to defend and respond in a distant forum, diverting time and resources from ongoing political organizing and speech. Plaintiff is a nonprofit political organization that sells no goods or services and exists to promote political association and speech; restraint of its political speech and diversion of its limited staff and volunteer resources is non-compensable.

17. Defendant has not presented any allegations or evidence to demonstrate that venue would be proper for its threatened enforcement action in Tarrant County. Rather, Defendant's action is part of a larger course of attempting to use the legal system to impinge on Powered by People's constitutionally protected activity.

18. The specter and pendency of a charter-revocation action in an improper forum threatens Plaintiff's ability to maintain its operations statewide, undermines confidence among volunteers and partners, and chills ongoing political activity both in the form of speech (contributions, expenditures, and fundraising) and association with likeminded individuals. These constitutional harms cannot be remedied by damages after the fact.

4

19. Defendants' entire course of conduct exhibits a purpose and effect of singling out one organization for targeted enforcement based solely on that organization's protected constitutional activity--to wit, its support for Democratic political causes and opposition to Republican political causes. In particular, Defendant has targeted Powered by People for its support for Texas Democratic lawmakers who are opposing a current proposal at the Texas Legislature. Defendant has further exhibited a purpose and effect of targeting Powered by People because its founder is a potential political opponent. As numerous courts have recognized, the state and federal constitution protect an individual's ability to seek political office.

20. Defendant's enforcement actions and public conduct associated with those enforcement actions, including its threatened quo warranto proceeding, demonstrate that Plaintiff has stated a probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions.

21. Powered by People acted in a timely manner to seek relief from this Court to restrain Defendant from continuing to subject it to chilling and selective enforcement actions. Powered by People sought relief from this Court prior to the institution or attempted institution of any quo warranto proceedings in Tarrant County.

22. Powered by People is currently suffering irreparable constitutional harm from Defendant's enforcement actions. Forcing Powered by People to defend a quo warranto action in an improper venue would cause additional irreparable harm for which money damages cannot provide full relief.

It is, therefore, ORDERED that, pending further order of this Court or expiration of this Order:

Defendant is restrained and enjoined from initiating, filing, or prosecuting any quo warranto proceeding against Powered by People (or its officers, directors, or founders) without leave of this Court or leave of another El Paso County District Court. Nothing in this Order is intended to bind any court; rather, it binds Defendant and those in active concert or participation with him.

## Security

As security for this Order, Plaintiff shall post a bond in the amount of $500.00 with the Clerk of this Court, conditioned as the rules require, on or before August 22, 2025. The Court sets the bond at a nominal amount in light of the non-pecuniary nature of the harm and the lack of any demonstrated monetary injury to Defendant.

## Setting and Notice of Temporary Injunction

Hearing on Temporary Injunction. The Court sets Plaintiff's Application for temporary injunction for hearing on August 29, 2025 at 8:30 a.m. MST in the courtroom of the 41st Judicial District Court, El Paso County, Texas. Defendant may appear and show cause why a temporary injunction should not issue.

## Effective Date and Duration

This Temporary Restraining Order takes effect upon signing and shall expire 14 days thereafter, on September 2, 2025 unless extended by the Court for good cause, by agreement of the parties, or until it is superseded by a temporary injunction.

SIGNED on 19th day of August, 2025 at 2:10 p.m.(MST).

_____
JUDGE ANNABELL PEREZ
41st Judicial District Court

6

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104572037
Filing Code Description: Proposed Order
Filing Description: TEMP. RESTRAINING ORDER
Status as of 8/19/2025 3:59 PM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lynn Coyle | 24050049 | lynn@coylefirm.com | 8/19/2025 2:19:52 PM | SENT |
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Robert Farquharson | 24100550 | rob.farquharson@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/19/2025 2:19:52 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/19/2025 2:19:52 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/19/2025 2:19:52 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/19/2025 2:19:52 PM | SENT |

# EXHIBIT B

El Paso County - 41st District Court

Filed 8/22/2025 10:10 AM
Norma Favela Barceleau
District Clerk
El Paso County
2025DCV3641

## CAUSE NO. 2025DCV3641

| | | |
|---|---|---|
| **POWERED BY PEOPLE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **41st JUDICIAL DISTRICT** |
| | § | |
| **KEN PAXTON,** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **TEXAS ATTORNEY GENERAL** | § | |
| *Defendants.* | § | **EL PASO COUNTY, TEXAS** |

### ORDER GRANTING PLAINTIFF'S
### EMERGENCY MOTION FOR EXPEDITED DISCOVERY

ON THIS DAY came on to be heard Plaintiff's Emergency Motion for Expedited Discovery. After considering the Motion, the evidence presented, any Objections, and the arguments of counsel, the Court finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for Expedited Discovery is hereby GRANTED.

IT IS ORDERED that Third party candidate Ken Paxton shall confer with Plaintiff and appear for a deposition no more than 2 hours to occur no later than the close of business on Thursday, August 28, 2025.

IT IS FURTHER ORDERED that Defendant Attorney General Ken Paxton shall confer with Plaintiff and produce a corporate representative for a deposition lasting no more than 2 hours and to occur no later than the close of business on Thursday, August 28, 2025, that is limited to the topics set forth in Plaintiff's Emergency Motion for Expedited Discovery.

IT IS FURTHER ORDERED that Defendant Attorney General Ken Paxton shall produce the records as identified in Plaintiff's Emergency for Expedited Discovery (with the modification

that Request for Production No. 3(i) is limited to members of the Consumer Protection Division of the Office of Attorney General) no later than the close of business August 27, 2025.

SIGNED this the 22nd day of August, 2025.

_____
JUDGE ANNABELL PEREZ
41st Judicial District Court

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104725946
Filing Code Description: Proposed Order
Filing Description:
Status as of 8/22/2025 10:18 AM MST

Associated Case Party: Ken Paxton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| William Farrell | | biff.farrell@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lynn Coyle | 24050049 | lynn@coylefirm.com | 8/22/2025 10:10:31 AM | SENT |
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Robert Farquharson | 24100550 | rob.farquharson@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/22/2025 10:10:31 AM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/22/2025 10:10:31 AM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/22/2025 10:10:31 AM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/22/2025 10:10:31 AM | SENT |

# EXHIBIT C

Filed 8/20/2025 9:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2025DCV3641

CAUSE NO. 2025DCV3641

| | | |
|---|---|---|
| **POWERED BY PEOPLE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| V. | § | **41st JUDICIAL DISTRICT** |
| | § | |
| **KEN PAXTON,** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **TEXAS ATTORNEY GENERAL** | § | |
| *Defendants.* | § | **EL PASO COUNTY, TEXAS** |

## EMERGENCY MOTION FOR EXPEDITED DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Powered by People files this Emergency Motion for Expedited Discovery and shows as follows:

### INTRODUCTION

Emergency relief is requested by Plaintiff Powered by People (Plaintiff) to obtain expedited discovery from Defendant Ken Paxton so that the Court has a more established record at the temporary injunction hearing scheduled for August 29, 2025. Prior to the hearing, Plaintiff needs to engage in discovery as to matters within the knowledge and possession of Defendant Paxton, in his official capacity as Texas Attorney General. Plaintiff also needs to engage in discovery with persons and entities not parties to this action prior to the hearing date. Given the time constraints and importance of the information sought, Plaintiff seeks an exceedingly narrow amount of prehearing discovery.

Plaintiff seeks to depose Candidate Ken Paxton, who has posted materials on his personal/candidate social media accounts indicating that the investigations and threatened actions that are the basis of this suit are for retaliatory purposes against a perceived political opponent

1

based on that opponent's political speech.[1] Plaintiff seeks to depose Candidate Paxton for no more than two (2) hours prior to close of business on Thursday, August 28, 2025. Second, Plaintiff seeks to depose a corporate representative from Defendant Paxton for no more than two (2) hours prior to close of business on Thursday, August 28, 2025, on the topics listed below. Third, Plaintiff seeks from Defendant Paxton relevant records from June 1, 2025, through the present, relating to the allegations forming the basis for the requested temporary injunction. Plaintiff attempted to resolve this matter with Defendant Paxton but was not able to discuss with opposing counsel prior to filing this motion.

## BACKGROUND

On August 6, 2025, Defendant Paxton launched a retaliatory and unlawful investigation into Powered by People, serving Mr. David Wysong and Ms. Gwen Pulido, Board members of Powered by People, with a Request to Examine ("RTE") seeking information from Plaintiff with a self-imposed 48-hour deadline. The State provided no valid reason to support this urgent, invasive, expensive inquiry. At the time, Defendant Paxton admitted publicly he did not have "details" to support his allegations, he intended to use the RTE "investigation" to "find out if they've done anything inappropriate," pointing explicitly to Plaintiff's recent political speech, organizing and advocacy.[2]

---

[1] *See, e.g.*, Ken Paxton (@KenPaxtonTX), BREAKING: I just launched an investigation into Beto O'Rourke's radical group, X.com (Aug. 6, 2025, 3:18 PM), https://x.com/KenPaxtonTX/status/1953188955807273440; Ken Paxton (@KenPaxtonTX), BREAKING: I'm seeking to revoke the charter of Beto O'Rourke's organization, X.com (Aug. 6, 2025, 3:18 PM), https://x.com/KenPaxtonTX/status/1956455919455486123.

[2] James Morley III, Texas AG Paxton to Newsmax: O'Rourke's PAC to Be Investigated, NEWSMAX (Aug. 6, 2025, 5:40 PM EDT), https://www.newsmax.com/newsmax-tv/ken-paxton-texas-redistricting/2025/08/06/id/1221553/.

Earlier on August 8, 2025, and unbeknownst to the Defendants, the Attorney General abruptly changed directions, and started to prepare a new filing in north Texas. As Plaintiff was finalizing its El Paso lawsuit, the Attorney General announced the filing of a new court action in Tarrant County against Plaintiff and Robert "Beto" O'Rourke (the founder of Powered by People). Despite that, as of 9:56 am MT on Friday, counsel for the Attorney General knew that Powered by People was represented by the undersigned counsel, and with plenty of time to do so, the Attorney General did not inform the undersigned counsel of an imminent "emergency" *ex parte* TRO filing and hearing until almost four hours later. Despite the failure to identify any substantial connection to the Tarrant County venue, the State sought a temporary restraining order seemingly aimed to achieve similar goals as the RTE: namely, to chill the exercise of constitutionally protected rights.

Later, a hearing was held before Judge Fahey in Tarrant County. The Tarrant County court entered a Temporary Restraining Order at 5:32pm. The next day, on August 9, 2025, counsel for the State indicated that "effectively immediately" it was withdrawing its RTE issued to Petitioner, Powered by People, and asked counsel for Petitioner to dismiss this instant action.[3]

In the evening of August 11, 2025, in the latest egregious misuse of power, staff at Defendant's office indicated that that Defendant would be immediately seeking to institute *quo warranto* proceedings in Tarrant County, a County where there is not even a colorable argument for proper venue for such a proceeding.

On August 19, 2025, this Court granted a Temporary Restraining Order against Defendant Paxton "restrain[ing] and enjoin[ing] [Defendant Paxton from] initiating, filing, or prosecuting any quo warranto proceeding against Powered by People (or its officers, directors, or

---

[3] Attorney Farquharson also indicated that it was withdrawing its RTE issued to Mr. O'Rourke; however to date, Mr. O'Rourke has not been served with an RTE.

3

founders) without leave of this Court or leave of another El Paso County District Court." Temporary Restraining Order (El Paso TRO) at 6. On the same day, this Court set a Temporary Injunction hearing for August 29, 2025. *Id.*

## ARGUMENTS AND AUTHORITIES

The Rules of Civil Procedure provide ample flexibility for a court to order expedited discovery in appropriate situations. Thus, "[p]arties frequently seek, and trial courts order, expedited discovery in the course of proceedings pertaining to temporary restraining orders." *In re Nat'l Lloyds Ins. Co.*, No. 13-15-00390-CV, 2015 WL 6759153, at *4 (Tex. App.--Corpus Christi Nov. 3, 2015, no pet.) (collecting authorities). For instance, Rule 166 provides that "[i]n an appropriate action, to assist in the disposition of the case without undue expense or burden to the parties, the court may in its discretion direct the attorneys for the parties and the parties or their duly authorized agents to appear before it for a conference to consider…a discovery schedule…[and] …[s]uch other matters as may aid in the disposition of the action." Tex. R. Civ. P. 166(c)&(p). Further, "every case must be governed by a discovery control plan as provided in this Rule." Tex. R. Civ. P. 190.1. "The court may modify a discovery control plan at any time and must do so when the interest of justice requires." Tex. R. Civ. P. 190.5(a). "Except where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by…court order for good cause." Tex. R. Civ. P. 191.1. "In a suit not governed by the Family Code, unless otherwise agreed to by the parties or ordered by the court, a party cannot serve discovery on another party until after the other party's initial disclosures are due." Tex. R. Civ. P. 192.2(a)(1). This suit is not governed by the Family Code. Texas courts have the discretion to craft a narrow, expedited discovery order prior to a temporary injunction hearing. *See* Tex. R. Civ. P. 166(c)&(p), Tex. R. Civ. P. 191.1. Indeed, the 348th Judicial District Court of

4

Tarrant County granted expedited discovery to the State of Texas just this week. *See* Tarrant Order on Exp. Disc., file-stamped Aug. 18, 2025 (Ex. A).

***Good cause exists for expedited discovery.***

An expedited discovery scheduling order is necessary for the parties to exchange relevant information before the temporary injunction hearing scheduled for Friday, August 29, 2025. Plaintiff filed this suit on August 8, 2025. Pl.'s Orig. Pet. On August 19, 2025, this Court entered a temporary restraining order after holding two hearings where counsel for all parties appeared and were heard. *See* El Paso TRO. The temporary injunction hearing is scheduled for August 29, 2025. *See id.*

The short timeline, and the importance of the information in Defendant Paxton's possession, warrant good cause for the Court to order expedited discovery. The constitutional issues in question here — grave violations of Powered by People's constitutional rights of political speech and association and equal protection under the law — are of ultimate consequence. Defendant Paxton's choice to violate those constitutional protections, including restraining Plaintiff's protected political speech, as well as engaging in retaliatory and chilling court process in improper venues, make the matters before this court at the temporary injunction hearing sufficiently weighty to constitute good cause.

The discovery sought by Plaintiff will shed light on matters pertinent to the temporary injunction hearing. In order to engage in the necessary discovery prior to the hearing, however, it has become necessary for Plaintiff to request this Court order the completion of the discovery discussed above and below prior to the hearing. The deadline outlined below will allow adequate time for all parties to prepare the discovery received for use at the hearing on August 29, 2025.

Plaintiff asks that this Court, for all the foregoing reasons, enter an expedited discovery scheduling order containing the following terms:

1. Third party Candidate Ken Paxton[4] shall confer with Plaintiff and appear for a deposition lasting no more than 2 hours to occur no later than close of business on Thursday, August 28, 2025.

2. Defendant Ken Paxton shall confer with Plaintiff and produce a corporate representative for a deposition lasting no more than 2 hours and to occur no later than close of business on Thursday, August 28, 2025, that is limited to the following topics covering the period from June 1, 2025, through the present:

   a. Specific facts that formed the basis for an initiation of an investigation into Powered by People by the Office of Attorney General, Consumer Protection Division;

   b. The documents and communications listed in no. 3 and the subject matters covered thereby.

3. Defendant Ken Paxton shall produce the following records covering the period from June 1, 2025, through the present, to Plaintiff no later than close of business on August 27, 2025, along with any corresponding privilege logs relating to same:

   a. Communications with any third party discussing or relating to potential criminal activity or civil violations committed by Powered by People or Robert Francis O'Rourke (or "Beto" O'Rourke);

---

[4] Ken Paxton is a candidate for United States Senate in the 2026 elections. *See* Gregory Svirnovskiy, *Texas Attorney General Ken Paxton to challenge John Cornyn for Senate*, Politico, (04/08/2025), https://www.politico.com/news/2025/04/08/ken-paxton-texas-senate-john-cornyn-0028003.

b.  Documents or communications that establish or relate to the Attorney General's contention that emergency relief is necessary to restrain Powered by People from fundraising or taking other actions to support Texas Democratic lawmakers;

c.  All documents and communications between the Attorney General's office and any third parties (including political parties, advocacy groups, media outlets, or other government officials) discussing, referencing, or relating to the investigation or enforcement action against Plaintiff, including any discussions about the political nature, viewpoints, or affiliations of the organization or its activities;

d.  All documents establishing the timeline of the investigation, including intake records, complaint logs, assignment of personnel, and milestone documents that would show whether the investigation was initiated or escalated in response to political events or pressures;

e.  All press releases, media advisories, talking points, and communications with media outlets regarding the investigation or enforcement action, including any documents discussing the public relations or political impact of the Attorney General's actions.

f.  All documents relating to coordination or communication with other state or federal agencies, law enforcement entities, or regulatory bodies regarding the investigation, including any joint enforcement efforts or information sharing that might indicate broader political targeting;

g.  Any and all documents or communications in your possession, custody, or control before August 6, 2025 that would form the basis for any purported allegation of criminal or deceptive conduct by Powered by People and that could have informed

your decision to serve Requests to Examine on members of the Board of Powered by People;

h.  All e-mails and text messages between Ken Paxton and any third party from August 1, 2025 to date related to Powered by People, Robert Francis O' Rourke (or "Beto" O'Rourke), the Requests to Examine, or the Motion for Leave to File Information in the Nature of Quo Warranto against Powered by People in Tarrant County (this request includes any and all messages as more specifically defined below);

i.  All non-privileged e-mails and messages between any member of the Office of Attorney General and any third party from August 1, 2025 to date related to Powered by People, Robert Francis O' Rourke (or "Beto" O'Rourke), the Requests to Examine, or the Motion for Leave to File Information in the Nature of Quo Warranto against Powered by People in Tarrant County;

j.  All non-privileged e-mails and messages between any member of the Office of Attorney General, Consumer Protection Division and any third party from August 1, 2025 to date related to Powered By People, Robert Francis O' Rourke (or "Beto" O'Rourke), the Requests to Examine, or the Motion for Leave to File Information in the Nature of Quo Warranto against Powered by People in Tarrant County;

k.  Produce documents and communications discussing, or relating to Defendant Paxton's discussion of Mr. O'Rourke as a political opponent. This request also includes e-mails and messages.

l.  Produce documents and communications between the Attorney General's Office and the Ken Paxton for U.S. Senate Campaign relating to Powered by People and/or Mr. O'Rourke. This request also includes e-mails and messages.

m. Documents sufficient to identify all communication devices, e-mail accounts, or messaging application accounts that are controlled, owned, or possessed by Ken Paxton, including personal mobile phones, government-issued mobile phones, burner phones, or other types of personal digital communication devices.

"Messages" shall mean **All electronic communications, including but not limited to text messages, instant messages, direct messages, chat messages, and any other form of electronic messaging, whether stored temporarily or permanently, sent or received via any device, platform, application, or service, including but not limited to the following:**

**Traditional Messaging:**

- SMS/text messages
- MMS/multimedia messages
- iMessage
- RCS (Rich Communication Services)

**Popular Messaging Apps:**

- WhatsApp, Signal, Telegram
- Facebook Messenger, Instagram Direct
- Snapchat, TikTok messages
- Discord, Slack, Microsoft Teams
- WeChat, Line, Viber
- Skype, Google Chat/Hangouts

**Professional/Business Platforms:**

- Slack, Microsoft Teams, Discord servers
- Zoom chat, WebEx messages
- Salesforce Chatter, Workplace by Meta

## PRAYER

Plaintiff respectfully asks that this Court enter the proposed expedited discovery scheduling order and grant any further relief Plaintiff is entitled to.

Respectfully submitted,


*/s/ Mimi Marziani*

Mimi Marziani
Texas Bar No. 24091906
mmarziani@msgpllc.com
Joaquin Gonzalez
Texas Bar No. 24109935
jgonzalez@msgpllc.com
Rebecca (Beth) Stevens
bstevens@msgpllc.com
Texas Bar No. 24065381
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604

Lynn Coyle
Texas Bar No. 24050049
lynn@coylefirm.com
2700 Richmond Ave.
El Paso, TX 79930
Tel: (915)276-6700

**ATTORNEYS FOR PLAINTIFF**

**VERIFICATION**

My name is Rebecca (Beth) Stevens, my date of birth is May 9, 1983, and my business address is 500 W. 2nd Street, Suite 1900, Austin, TX 78701, United States. I declare under penalty of perjury that the statements in the last sentence of the second paragraph of this motion are true and correct. Executed in San Patricio County, State of Texas, on the 20th day of August, 2025.

*/s/ Beth Stevens*
Beth Stevens


**CERTIFICATE OF CONFERENCE**

On August 20, 2025 I attempted to confer by phone with counsel for Plaintiffs, but did not receive a response.

*/s/ Beth Stevens*
Beth Stevens

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that a true and correct copy of the foregoing pleading was served on the following as set forth below, on August 20, 2025.

**Via e-service:** Rob.Farquharson@oag.texas.gov
Rob Farquharson
Deputy Chief
Consumer Protection Division
Office of the Attorney General

**Via e-service:** Johnathan.Stone@oag.texas.gov
Johnathan Stone
Chief
Consumer Protection Division
Office of the Attorney General

*/s/ Mimi Marziani*
Mimi Marziani

# Exhibit A

FILED
TARRANT COUNTY
8/18/2025 9:42 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-367652-25

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | TARRANT COUNTY, TEXAS |
| | § | |
| ROBERT FRANCIS O'ROURKE and | § | |
| POWERED BY PEOPLE | § | |
| | § | |
| *Defendants.* | § | 348th JUDICIAL DISTRICT |

## ORDER ON EXPEDITED DISCOVERY

On August 14, 2025, the Court considered the State's Emergency Request for an Expedited Discovery Scheduling Order. After due consideration and in light of the time-sensitive circumstances of this case, including the upcoming temporary injunction hearing set for September 2, 2025, the Court rules that expedited discovery is merited in this cause and rules as follows:

1. Defendant Powered by People (PxP) shall confer with the State and produce a corporate representative for a deposition lasting no more than two hours to occur no later than close of business on Friday, August 29, 2025, that is limited to the following topics covering the period **from June 1, 2025, through the present**:

    a. Advertising, marketing, and representations directed toward Texans about the purpose and intended use of funds received;

    b. Benefits and compensation provided, or offered to, Texas legislators, their staff, or their families;

    c. Expenditure of funds on Texas legislators, their staff, or their families;

    d. The total amount of funds raised; and

    e. Compliance with the Court's Temporary Restraining Order and Modified Temporary Restraining Order.

2. Defendant Robert Francis O'Rourke (O'Rourke) shall confer with the State and appear for a deposition lasting no more than two hours to occur no later than close of business on Friday, August 29, 2025.

3. PxP and O'Rourke shall produce the following records covering the period **from June 1, 2025, through the present** to the State no later than close of business on August 29, 2025, along with any corresponding privilege logs relating to same:

Order on Expedited Discovery – Page 1

**Exhibit
A**

a. Documents and communications relating to planned or actual travel arrangements, accommodations, or meals outside of Texas for any Texas legislator, their staff, or their families;

b. Documents and communications relating to, or discussing, depriving the Texas Legislature quorum during Texas's current special legislative session;

c. Documents and communications relating to the provision of any benefit or compensation to a Texas legislator, their staff, or families, and offers to provide any benefit or compensation to same;

d. Documents and communications discussing, or relating to, the solicitation of funds to pay for planned or actual travel arrangements, accommodations, or meals for any Texas legislator, their staff, or their families;

e. Documents and communications relating to expenditures made for travel arrangements, accommodations, or meals outside of Texas for any Texas legislator, their staff, or their families;

f. Documents and communications directed toward Texans advertising, marketing, or otherwise making representations about the purpose and intended use of funds received; and

g. Documents sufficient to show the total amount raised since June 1, 2025.

IT IS SO ORDERED.


Signed: August 15, 2025.


_____
JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104481942
Filing Code Description: No Fee Documents
Filing Description: ORD EXPEDITED DISC
Status as of 8/18/2025 10:04 AM CST

Associated Case Party: THESTATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Froman | | scott.froman@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |

Associated Case Party: THEPOWERED BY PEOPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/18/2025 9:42:48 AM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/18/2025 9:42:48 AM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/18/2025 9:42:48 AM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/18/2025 9:42:48 AM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/18/2025 9:42:48 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/18/2025 9:42:48 AM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/18/2025 9:42:48 AM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104481942
Filing Code Description: No Fee Documents
Filing Description: ORD EXPEDITED DISC
Status as of 8/18/2025 10:04 AM CST

Case Contacts

| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
|---|---|---|---|---|
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/18/2025 9:42:48 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joaquin Gonzalez on behalf of Joaquin Gonzalez
Bar No. 24109935
jgonzalez@msgpllc.com
Envelope ID: 104649502
Filing Code Description: Motion (No Fee)
Filing Description: Emergency Motion for Expedited Discovery
Status as of 8/21/2025 9:13 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Lynn Coyle | 24050049 | lynn@coylefirm.com | 8/20/2025 9:18:43 PM | SENT |
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Robert Farquharson | 24100550 | rob.farquharson@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/20/2025 9:18:43 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/20/2025 9:18:43 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/20/2025 9:18:43 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/20/2025 9:18:43 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Samuels on behalf of Abigail Smith
Bar No. 24141756
emily.samuels@oag.texas.gov
Envelope ID: 106039020
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 20250924 PxP EP Opening Br w exhibits
Status as of 9/24/2025 4:33 PM CST

Associated Case Party: Powered by People

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mimi Marziani | 24091906 | mmarziani@msgpllc.com | 9/24/2025 3:55:30 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 9/24/2025 3:55:30 PM | SENT |
| Rebecca (Beth) Stevens | | bstevens@msgpllc.com | 9/24/2025 3:55:30 PM | SENT |
| Lynn Coyle | | lynn@coylefirm.com | 9/24/2025 3:55:30 PM | SENT |

Associated Case Party: Ken Paxton, in his official capacity as Texas Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Cole | 24124187 | William.Cole@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |
| William Peterson | | William.Peterson@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 9/24/2025 3:55:30 PM | SENT |